**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| NATASHA MINDLING, Plaintiff, | : | |
| v. | : | Civil No. 3:18-cv-1829 (AWT) |
| GEORGE R. STIEGLER, JR., Defendant. | : | |

**ORDER RE DEFENDANT'S MOTION TO PRECLUDE EVIDENCE REGARDING DECISION IN STIEGLER V. STIEGLER**

For the reasons set forth below, the defendant's Motion to Preclude Any and All Evidence Regarding Judge Hiller's Decision in Stiegler v. Stiegler As Mention[ed] in Plaintiff's Notice of Intention to Cross-Examine the Defendant (ECF No. 110) was DENIED.

The plaintiff gave notice of her intention to cross-examine the defendant about a specific instance of conduct she maintains is probative of his character for untruthfulness. See ECF No. 108. In response, the defendant filed the instant motion.

At issue is a finding contained in a January 2000 Memorandum of Decision issued in Stiegler v. Stiegler, No. FA 981065964 (Conn. Super. Ct.). The defendant here was the defendant in that case, and his now ex-wife was the plaintiff. The defendant testified under oath that money his mother had provided to him was a loan; this representation was also made in

a memorandum submitted to the court. The Memorandum of Decision reflects that the court rejected the defendant's testimony "as an effort to deceive the court" and found his testimony "incredible." Stiegler v. Stiegler, 2000 WL 151239, at *2 (Conn. Super. Ct. Jan. 19, 2000).

The defendant argues that "[t]he plaintiff's proposal to cross-examine Mr. Stiegler on an irrelevant matter from twenty-two years ago is nothing more than harassment and is unduly prejudicial." Def.'s Mot. (ECF No. 110) at 4. He asserts that "the plaintiff is reading this one line in a vacuum. Transcripts of oral argument before Judge Hiller have not been offered for this Court's review. The underlying memorandums and exhibits which led Judge Hiller to his conclusions have also not been provided. Therefore, without providing the entire picture as to what transpired before Judge Hiller twenty-two years ago, it is impossible to say the extent of Mr. Stiegler's alleged deceitful conduct." Id. at 2-3.

Rule 608 provides, in relevant part, that:

> Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
>
> (1) the witness; or
>
> (2) another witness whose character the witness being

> cross-examined has testified about.

Fed. R. Evid. 608(b).

In Hynes v. Coughlin, the court explained:

> With respect to attacks on, or bolstering of, a witness's credibility, Rule 608 gives the trial court discretion to permit cross-examination (but not extrinsic evidence) as to "[s]pecific instances of [the witness's] conduct" if those instances will be "probative of [the witness's character for] truthfulness or untruthfulness." Fed.R.Evid. 608(b). See generally 28 Charles A. Wright & Victor J. Gold, *Federal Practice and Procedure: Evidence* § 6117 (1993). Under this Rule, we have upheld, for example, cross-examination into an attorney's disbarment, *see United States v. Weichert*, 783 F.2d 23, 25 (2d Cir.) *cert. denied*, 479 U.S. 831, 107 S.Ct. 117, 93 L.Ed.2d 64 (1986), into a witness's failure to disclose a prior arrest on his bar application, *see United States v. Schatzle*, 901 F.2d 252, 255–56 (2d Cir.1990), and into a prior finding by an Immigration Judge that the witness's testimony in a deportation proceeding was not credible, *see United States v. Bagaric*, 706 F.2d 42, 65 (2d Cir.), *cert. denied*, 464 U.S. 840, 104 S.Ct. 133, 78 L.Ed.2d 128 (1983); *see also United States v. Tomblin*, 46 F.3d 1369, 1389 (5th Cir.1995) (upholding cross-examination into a defendant's alleged acts of fraud, bribery, and embezzlement).
>
> While the questions that Hynes posed to Doyle did not relate to the events of this case, they did relate to Doyle's character for truthfulness.

79 F.3d 285, 293-94 (2d Cir. 1996).

Here, several facts make the findings in Stiegler v. Stiegler of such high probative value that their probative value substantially outweighs any danger of unfair prejudice. First, the finding in Stiegler v. Stiegler was a finding addressing the defendant's veracity while testifying under oath in that very

case. Second, the defendant also made that representation in a memorandum of law he filed with the court. Third, the defendant's statement concerned the most significant matter at issue in that case, i.e., his ability to make the court-ordered alimony payments. Fourth, the defendant's motivation to give false testimony in Stiegler v. Stiegler was to avoid paying money a family member, i.e., his estranged wife, and here, he would have a motivation to make false statements to avoid financial liability to his estranged daughter (the daughter of his current wife). Thus, the motivation here would be very similar. Fifth, the defendant has offered no explanation, much less a plausible explanation, for the false testimony in Stiegler v. Stiegler. In light of these facts, the pertinent non-exhaustive factors discussed in United States v. White, 692 F.3d 235, 249 (2d Cir. 2012), weigh strongly in favor of admitting the prior credibility finding. The court agrees with the plaintiff that the remaining White factors are neutral. Based on the foregoing, the evidence should not be excluded under Rule 403.

Moreover, a more than sufficient context for analyzing this issue has been provided. The Memorandum of Decision provides all of the factual background and analysis that is necessary for this court to conclude that Judge Hiller's decision was supported by the record and based on sound reasoning. There is

no need to review the entire record in that case to reach this conclusion, nor has the defendant pointed to some material portion of the record in Stiegler v. Stiegler that is inconsistent with the Memorandum of Decision.

It is so ordered.

Dated this 1st day of June 2022, at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge