```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

-------------------------------- x
NATASHA MINDLING,                :
                                 :
          Plaintiff,             :
                                 :
v.                               :    Civil No. 3:18-cv-1829 (AWT)
                                 :
GEORGE R. STIEGLER, JR.,         :
                                 :
          Defendant.             :
-------------------------------- x
```

### ORDER RE MOTION IN LIMINE RE FED. R. EVID. 415

For the reasons set forth below, the defendant's Motion in Limine re Noelle Fern (ECF No. 114) was DENIED.

The defendant moved for an order precluding the plaintiff from introducing any evidence regarding the defendant having a sexual relationship with Noelle Fern, which the plaintiff had advised would be introduced under Fed. R. Evid. 415. Rule 415 provides:

> In a civil case involving a claim for relief based on a party's alleged sexual assault or child molestation, the court may admit evidence that the party committed any other sexual assault or child molestation. The evidence may be considered as provided in Rules 413 and 414.

Fed. R. Civ. P. 415(a).

The defendant construes Rule 415 as permitting the introduction of evidence with respect to any other sexual assault as being admissible only in a case where the claim for relief is based on a party's alleged sexual assault, and

-1-

evidence with respect to child molestation as being admissible only in a case where the claim for relief is based on a party's alleged child molestation. The defendant points out that the definition of "child" under Rule 414 is "a person below the age of 14." Fed. R. Evid. 414(d)(1). The defendant contends that the evidence will show that Noelle Fern was not below the age of 14 at the time of the alleged events, so any such evidence is not admissible under Rule 415.[1]

The defendant's reading of Rule 415 is inconsistent with the plain reading of the language of Rules 415, 413, and 414. Also, it is not supported by any case applying or interpreting those rules.

There is no indication in the language of Rule 415(a) that the admissibility of evidence with respect to "any other sexual assault or child molestation" is limited in the way the defendant contends. The rule simply states that evidence with respect to "any other sexual assault or child molestation" may be admitted in "a civil case involving a claim for relief based on a party's alleged sexual assault or child molestation." Fed. R. Evid. 415(a). There is no clause at the end of that sentence that states, for instance, "as the case may be." Rather, that

---

[1] At trial, the plaintiff introduced evidence showing that Noelle Fern was in fact under the age of 14, but that evidence was introduced after the court denied the instant motion.

sentence is followed by a statement that "[t]he evidence may be considered as provided in Rules 413 and 414." Id. Rules 413 and 414 each provide that "[t]he evidence may be considered on any matter to which it is relevant." Id. R. 413(a); id. R. 414(a).

Implicit in the defendant's argument with respect to the proper way to interpret Rule 415 is a concern that there should be some safeguard against the admission of evidence of prior conduct that is not sufficiently similar to the conduct at issue in the case, so there is a risk of unfair prejudice. However, this concern is addressed by the fact that Fed. R. Evid. 403 applies with respect to evidence proffered under Rule 415. See 2 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 415.03[1] (Mark S. Brodin, ed., Matthew Bender 2d ed. 2021) ("However, even if a trial court is satisfied that the proferred evidence meets these standards, the court retains discretion to exclude the evidence under Rule 403."); 2 Moore's Federal Rules Pamphlet § 415.5[3] ("Evidence proffered under Rule 415 is subject to the balancing test of Rule 403.").[2]

Limiting the admissibility of evidence that the party committed another sexual assault to only those cases where the plaintiff's claim is for relief based upon a party's alleged

---

[2] While the defendant did assert a Rule 403 objection, the court did consider that issue and concluded that the evidence has high probative value which is not outweighed, much less substantially outweighed, by the danger of unfair prejudice.

sexual assault, thereby excluding cases where the claim is for relief based upon an alleged child molestation, would be a significant limitation on admissibility. However, none of the cases or treatises that discuss interpretation or application of the rule refer to any such limitation. See Boyce v. Weber, 2021 WL 2821154, at *8-9 (S.D.N.Y. July 7, 2021); Cleveland v. KFC Nat. Mgmt. Co., 948 F.Supp. 62, 64-65 (N.D. Ga. 1996); Frank v. Cty. of Hudson, 924 F.Supp. 620, 624 (D.N.J. 1996); 2 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 415.03[1] (Mark S. Brodin, ed., Matthew Bender 2d ed. 2021); 2 Moore's Federal Rules Pamphlet § 415.5[3]. See also United States v. Schaffer, 851 F.3d 166, 177-78, 178 n.57 (2d Cir. 2017); United States v. LeMay, 260 F.3d 1018, 1032-33 (9th Cir. 2001); 23 Fed. Prac. & Proc. Evid. §§ 5393, 5403 (2d ed.).

    It is so ordered.

    Dated this 1st day of June 2022, at Hartford, Connecticut.

                                      /s/AWT
                              Alvin W. Thompson
                      United States District Judge